UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Abdullah Saajoh Sall,

      Plaintiff,

      v.

Sarah Fair George et al.,

      Defendants.

Civil Action No. 2:20–cv–214–cr–kjd

# REPORT AND RECOMMENDATION
(Doc. 10)

    Plaintiff Abdullah Saajoh Sall, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Defendants Sarah George, the Chittenden County State's Attorney's Office (CCSAO), the Chittenden County Sheriff,[1] Seven Days Newspaper, the Vermont State Police, "Chittenden County Police Departments," the City of Burlington, Chittenden County, Local Motion, the Greater Burlington YMCA, and others.[2] (Doc. 7 at 1–3, 5.) Sall alleges that starting in 2012, he experienced discrimination in Chittenden County, Vermont based on his race, religion, and national origin, causing him chronic trauma, depression, and anxiety. (*Id.* at 3–5.) Sall claims that "[t]he City of Burlington and Chittenden [County] as a whole . . . is a racist safe

---

[1] Construing the Amended Complaint liberally, the Court interprets the reference to "Chittenden County Sheriff" (Doc. 7 at 5) to name Chittenden County Sheriff Kevin McLaughlin in his official capacity.

[2] In the caption of the Amended Complaint, Sall identifies only five Defendants: "Chittenden County Townships, Chittenden County State Attorney's Office, Local Motion, Chittenden Police Departments, [and] Seven Day[s]." (Doc. 7 at 1.) On pages two and three of the Amended Complaint, Sall names several other Defendants, including Chittenden County State's Attorney Sarah George and the Vermont State Police, among others. (*Id.* at 2–3.) In the Amended Complaint's prayer for relief, Sall references additional Defendants, including the Greater Burlington YMCA and the Chittenden County Sheriff. (*Id.* at 5.) Sall attaches to the form Amended Complaint a 59-page document entitled "Amended Complaint, Abdullah Sall Self-[I]ntro," in which he lists some 35 Defendants including the Defendants identified above, 16 "Chittenden County townships," and 10 "Chittenden County Police Departments." (Doc. 7-2 at 7.)

h[]aven city with a culture and tradition of subtle racism as the underbelly of the community" (Doc. 7-2 at 37), and that "[t]he residents of Burlington, Chittenden County, and Vermont convey their racial disdain in so many different ways" (*id.* at 38). As a black Muslim man who immigrated to the United States from Africa (*id.* at 3), Sall alleges that he has been "made to pay the price" in a culture that "sees black m[e]n as offenders, aggressive, or violent criminals" (*id.* at 38). Sall seeks $300 million dollars in restitution, to "help [account for] all the injustices [he] was made to endure." (Doc. 7 at 5.)

This Report and Recommendation addresses Defendant Chittenden County Sheriff Kevin McLaughlin's Motion for Summary Judgment, in which McLaughlin asserts that there are no disputed issues of material fact regarding the claims asserted against him, and he is therefore entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56(a). (Doc. 10.) McLaughlin asserts that he is entitled to summary judgment because: (1) Sall "has never been employed by the Chittenden County Sheriff's Department [(CCSD)] in any capacity" (Doc. 10-1 at 1–2; *see* Doc. 72-1 at 2); and (2) absent an employment relationship between McLaughlin and Sall, "there are no disputed facts upon which [Sall's] case against [McLaughlin] can properly proceed" (Doc. 10 at 3; *see* Doc. 72-1 at 2). In support of his Motion, McLaughlin has filed a Statement of Material Facts (Doc. 11), a Supplemental Statement of Material Facts (Doc. 72), his own Affidavit (Doc. 10-1), and an Affidavit from Anne Noonan, the Labor Relations and Operations Manager for the Vermont Department of State's Attorneys and Sheriffs (Doc. 72-2).[3]

---

[3] In conjunction with the filing of his Motion for Summary Judgment, counsel for McLaughlin served on Sall a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment." (*See* Doc. 10-2; *see also* Doc. 10 at 1.) Local Rule 56(e) requires service of this notice to advise a self-represented party that he or she may not oppose a motion for summary judgment "simply by relying upon the allegations in [his or her] complaint," and that he or she "must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial."

Sall has filed an Opposition to McLaughlin's Motion (Doc. 71), which includes a "Response [to] McLaughlin's Rule 56 Statement of Material Facts" (*id.* at 4) and a "Statement of Material Facts in Dispute" (*id.* at 7), but does not include any supporting evidence, as required by Local Rule 56(c) and Federal Rule of Civil Procedure 56(c)(1).[4]

For the reasons explained below, I recommend that the Court GRANT McLaughlin's Motion for Summary Judgment (Doc. 10).

## Factual and Procedural Background

### I.    Amended Complaint

Sall initially filed this action in the District of Massachusetts on November 12, 2020. (Doc. 1.) Approximately one month later, the case was transferred to this District. (Docs. 3, 5.) On January 19, 2021, Sall filed the Amended Complaint. (Doc. 7.) Sall attaches two documents to his Amended Complaint: (1) a "Final Determination" of the Vermont Human Rights Commission (HRC), dated June 25, 2020, finding reasonable grounds to believe that the "Department of State's Attorneys and Sheriffs [and] the Chittenden County State's Attorneys' Office . . . illegally discriminated against . . . Sall . . . on the basis of national origin, race, and skin color, in violation of Vermont's Fair Employment Practices Act" (Doc. 7-1 at 2); and (2) a document titled "Abdullah Sall Self-[I]ntro," which serves as the primary factual basis for Sall's allegations in this case (Doc. 7-2).

---

[4] Under Federal Rule of Civil Procedure 56(c)(1)(A), a party asserting that a fact is genuinely disputed "must support th[at] assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, [or] affidavits or declarations."

The first document, referred to in this Report and Recommendation as the HRC Report,[5] states that Sall is Muslim and "of African descent" (Doc. 39-1 at 2), and describes in detail the facts underlying Sall's allegations in this lawsuit against Defendants Sarah George and the CCSAO (*see id.* at 2–55). Specifically, the HRC Report states that sometime between February 2016 and January 2017, then-Chittenden County State's Attorney TJ Donovan hired Sall as a receptionist for the CCSAO. (*Id.* at 2.) Soon afterwards, Donovan became the Attorney General of Vermont, and the Governor appointed Sarah George the Chittenden County State's Attorney.[6] (*Id.*) Eight days later, George terminated Sall, prompting him to file a charge with the HRC "alleging discrimination based on race, color, religion, national origin, ancestry, and place of birth." (*Id.*) In connection with the HRC investigation, the CCSAO claimed Sall's termination resulted from his inability "to perform even the basic duties to which he was assigned," which "compromised the functioning of the office." (*Id.*)

---

[5] Sall attached to his Amended Complaint only the "Final Determination" pages of the HRC Report, and a cover letter addressed to Sall briefly summarizing the Report's findings. (Doc. 7-1 at 1–3.) Defendant Seven Days has attached to its Motion to Dismiss the full 54-page Report, in addition to the Final Determination, and therefore it is a part of the record in this case. (Doc. 39-1 at 2–57.) The Court considers the complete HRC Report incorporated by reference in the Amended Complaint, given Sall's substantial reliance on it in the Amended Complaint and his attachment of the Final Determination of the Report to the Amended Complaint. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." (citations and internal quotation marks omitted)).

[6] The Court may take judicial notice that TJ Donovan was elected Attorney General of Vermont on November 8, 2016, *see* Office of the Vermont Attorney General, https://ago.vermont.gov/about-the-attorney-generals-office/about-the-attorney-general/ (last visited Jan. 11, 2022), and that Governor Phil Scott appointed Sarah George Chittenden County State's Attorney on January 19, 2017, *see* Vermont Official State Website (Jan. 19, 2017), https://governor.vermont.gov/press-release/governor-phil-scott-appoints-sarah-george-chittenden-county-states-attorney. *See* Fed. R. Evid. 201(b) (authorizing courts to judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Sall's "Self-[I]ntro" document, which is attached to the Amended Complaint,[7] is 59 pages in length and written mostly in narrative form. (*See* Doc. 7-2.) In the document, Sall describes his experiences living in the Burlington, Vermont community, including among other things, his volunteer work at the Boys and Girls Club in Winooski, his service as a soccer coach for the Winooski YMCA, his work with the Chittenden Emergency Food Shelf, his service as a Chittenden County Court Diversion review board member, his candidacy for Burlington City Council, his work with Donovan and George at the CCSAO, his work at the YMCA and Local Motion, and his eventual move from Vermont to Texas. (*See id.*) Sall states that, throughout these experiences, he was subjected to discrimination based on his race, religion, and ethnicity. (*Id.* at 40, 41, 53.) Sall seeks monetary damages under 42 U.S.C. § 1983 because of Defendants' purported discriminatory treatment of him. (Doc. 7 at 3–5.)

The Amended Complaint names "the Chittenden State Attorney's Office and Chittenden County Sheriff" collectively as a Defendant. (Doc. 7 at 5; *see* Doc. 7-2 at 8.) However, Sall's allegations against these two parties principally pertain to Sall's period of employment with the CCSAO and not any employment or other experiences with the CCSD. (*See* Doc. 7-2 at 8 (describing Sall's experience working at the "State [A]ttorney's Office in Burlington"); *id.* at 9 (discussing Sall's termination of employment by the CCSAO); *id.* at 10 ("I was approached by a reporter who asked me about the incident at the State Attorney's Office."), ("The State Attorney's Office went back and for[th] with my then attorney John Franco and they insisted they have made their decision."), ("In these settings of a very hostile climate against Muslims

---

[7] The Court refers to Sall's "Self-[I]ntro" document as the Amended Complaint because it is attached to the Amended Complaint and it contains Sall's factual allegations in this action. (*See* Doc. 7 at 4, ¶ III(C); *id.* at 5, ¶ IV; Doc. 7-2.) *See DiFolco*, 622 F.3d at 111; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit . . . ." (internal quotation marks omitted)).

and immigrant[s], Sarah George's State Attorney's Office recklessly unleashed a torrent of fabricated stories to confirm racial stereotype[s] . . . ."); *id.* at 26 ("What happened to me in the State Attorney's Office is not a unique or isolated case . . . .").)

In describing his employment, Sall lists the tasks he performed, including: "process[ing] Warrants, VOPs, Escape(s), Extraditions, Expunged cases, [and] sealed cases"; answering phone calls; distributing and filing court documents; arranging case files; distributing the mail; and welcoming visitors. (*Id.* at 9.) Sall claims he also "g[a]ve public defenders access to the Police Database" and "closed the cases for Diversion and the Rapid Intervention Court." (*Id.*) According to Sall, "[e]very Police Department in the County drop[ped] off their Department's papers at [his] desk and [he] signed for it." (*Id.*) The HRC Report further discusses Sall's employment at the CCSAO and details the investigation conducted regarding Sall's discrimination claims, including interviews of 23 individuals, the overwhelming majority of whom were employees of the CCSAO. (*See* Doc. 39-1 at 5–7.) Notably, although the 54-page Report references the "Department of State's Attorneys and Sheriffs" (and the CCSAO) in its caption (*id.* at 2) and occasionally mentions employees of that Department in its body (*see, e.g.*, *id.* at 8, 45), it contains no reference to either the "Chittenden County Sheriff's Department" or Sheriff Kevin McLaughlin.

## II.     McLaughlin's Motion for Summary Judgment

In his Motion for Summary Judgment, McLaughlin argues that Sall's Amended Complaint "cannot be reasonably interpreted as implying that the Chittenden County Sheriff engaged in any prohibited conduct with regard to [Sall], whether as an employee or otherwise," because Sall "was never employed by the Chittenden County Sheriff in any capacity." (Doc. 10

at 2.) McLaughlin further claims that, "in the absence of any other allegation that ties . . . [him] to the wrongs alleged by Mr. Sall," he is entitled to summary judgment. (*Id.* at 3.)

McLaughlin supports his Motion with an Affidavit, in which he attests that "Mr. Sall has never been employed by the [CCSD] in any capacity." (Doc. 10-1 at 1–2.) He further attests that "[t]here is a governmental entity known as the Vermont 'Department of State's Attorneys and Sheriffs' which may have employed Mr. Sall at some point," but if that were the case, "as an employee of that Department, Mr. Sall would not have been an employee of the [CCSD], or in any manner under the management, control[,] or guidance of the Chittenden County Sheriff." (*Id.* at 2; *see also* Doc. 11 at 1.)

### III. Sall's Opposition

Sall responds that there are "genuine disputes or issues of material facts" regarding his discrimination claims against McLaughlin. (Doc. 71 at 2.) Specifically, Sall claims that when he was hired, he was told that he "worked for the Chittenden County Sheriff, the State Attorney's Office," and that he "was [an] employee of the State." (*Id.* at 5.) He asserts that, "[a]s an employee of the Chittenden County Sheriff and Chittenden State Attorney's Office," he "process[ed] warrants, . . . [e]scapes, [and] Vops," which is a "dut[y] and responsibility connected with the Sheriff['s] Department." (*Id.* at 5.) Sall further states that the legal assistants and secretaries at the State Attorney's Office "are designated as employees of the Sheriff and State Attorney's Office and [are] paid by the state." (*Id.* at 3.) Finally, Sall generally describes several encounters with police officers, some of whom he appears to allege were employed by the Chittenden County Sheriff. (*Id.* at 7–10.) For example, he claims that he was "racially profiled, harassed, and cop-stalked by Sheriff[']s deputies and police officers of the local townships" (*id.* at 7); that "cops loved to follow [his] car" (*id.*); that he was "harassed by the

7

Chittenden cops" (*id.* at 8); that he was "pulled over by [a] Colchester cop who added more tickets" (*id.*); and that "cops" asked whether he was an illegal alien, and when he said no, "asked [him] to show proof," forcing him to "travel with [his] Green card" (*id.* at 7).

### IV.    McLaughlin's Reply

In reply, McLaughlin states that the CCSAO employed Sall from June 27, 2016 until January 27, 2017, but "[a]t no time was Mr. Sall ever employed by the CCSD or Chittenden County Sheriff McLaughlin." (Doc. 72.)  As evidence to support this fact, McLaughlin submits the Affidavit of Anne Noonan, the Labor Relations and Operations Manager for the Vermont Department of State's Attorneys and Sheriffs.  According to Ms. Noonan, her review of the department's files establishes that Sall "was not employed by or supervised at any time or in any capacity by the [CCSD] or the Chittenden County Sheriff." (Doc. 72-2 at 1.)

McLaughlin notes that Sall has not included an affidavit or other evidence to support his Opposition to the Motion for Summary Judgment.  (Doc. 72-1 at 1.)  In particular, McLaughlin notes that Sall "fails to identify the person to whom he attributes []his claim[s]" that, when he was hired, he was told that he worked for the Chittenden County Sheriff or the State's Attorney's Office and that he was an employee of the State.  (*Id.* at 1–2.)  McLaughlin further asserts that "[Sall's] confusion regarding his employer may be attributable to the name of the entity that has administrative oversight of certain county officials—the 'Vermont Department of State's Attorneys and Sheriffs.'" (*Id.* at 1.)  McLaughlin concludes that, because Sall was "never under the control or supervision of . . . McLaughlin as an employee," "there is no basis . . . upon which to attribute any civil rights violations against . . . McLaughlin." (*Id.* at 2.)

8

**Discussion**

Liberally construing the Amended Complaint, Sall has sued McLaughlin in his official capacity as "Chittenden County Sheriff" under 42 U.S.C. § 1983 for unlawful discrimination related to his termination from employment with the CCSAO. (Doc. 7 at 5; *see id.* at 2.) McLaughlin has presented affidavits showing that he could not have been involved in Sall's allegedly discriminatory termination from the CCSAO, as he never employed, supervised, or managed Sall. Sall has not come forward with any evidence connecting McLaughlin or the CCSD to any allegation in the Amended Complaint. McLaughlin is therefore entitled to summary judgment.

**I.        Governing Law**

    **A.        Section 1983**

A claimant may bring a suit for damages under § 1983 "against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .'" *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alteration and omissions in original) (quoting 42 U.S.C. § 1983). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 254–57 (1978)). "A § 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of [his] federal statutory rights, or [his] constitutional rights or privileges." *Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Miller v. Vt. Assocs. for Training & Dev.*, Case No. 2:20-CV-178, 2021 WL 535816, at *2 (D. Vt. Feb. 12, 2021) (explaining that to state a claim under § 1983, the plaintiff must allege "that some person has deprived him of a federal right," and "that the person who has

9

deprived [the plaintiff] of that right acted under color of state . . . law") (alteration and omission in original) (quoting *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005)).

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thompson v. Pallito*, 949 F. Supp. 2d 558, 569 (D. Vt. 2013) (quoting *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)).

### B.  Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Where the moving party meets that burden, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010). It is not enough to "simply show that there is some metaphysical doubt as to the material facts," and the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal quotation marks omitted); *see D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (non-movant "must offer some hard evidence showing that its version of the events is not wholly fanciful"); *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (non-movant must show "more than a scintilla of evidence . . . as to the material facts" (citation and internal quotation marks omitted)).

In ruling on a motion for summary judgment, the court is required to draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012). Nonetheless, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson*, 477 U.S. at 247–48). The court's function in considering a motion for summary judgment is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *See Anderson*, 477 U.S. at 255; *Eastman Mach. Co. v. United States*, 841 F.2d 469, 473 (2d Cir. 1988).

Because Sall is proceeding *pro se*, the Court must read his pleadings "liberally and interpret them to raise the strongest arguments that they suggest." *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted); *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants."); *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) ("[A] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation . . . ." (internal quotation marks omitted)). Nevertheless, application of this liberal standard "does not relieve [a *pro se*] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen*, 351 F.3d at 50 (internal quotation marks omitted); *see Nguedi v. Fed. Rsrv. Bank of N.Y.*, 813 F. App'x 616, 618 (2d Cir. 2020) ("[Plaintiff's] *pro se* status [does] not eliminate his obligation to support his claims with some evidence to survive summary judgment.").

## II. There are no genuine disputed issues of material fact regarding Sall's claims against McLaughlin.

McLaughlin has met his burden of demonstrating no genuine disputed issue of material fact, and Sall has not offered any evidence showing otherwise.

### A. McLaughlin has demonstrated that there are no genuine disputed issues of material fact regarding whether Sall was employed by McLaughlin or the CCSD.

In an Affidavit, McLaughlin testified that he is "familiar with the files and records of the [Chittenden County Sheriff's] Department" (Doc. 10-1 at 1), and that he is "aware from [his] own personal knowledge, as well as [from] a review of the files and records of the Department, that Mr. Sall has never been employed by the [CCSD] in any capacity" (*id.* at 1–2). In a separate Affidavit, Anne Noonan, the Labor Relations and Operations Manager for the Vermont Department of State's Attorneys and Sheriffs, testified that she "ha[s] access to the files and records of the Department," and her review of those files "establishes that . . . Sall was employed by the [CCSAO] for the period of time of June 27, 2016 until January 27, 2017" but "was not employed by or supervised at any time or in any capacity by the [CCSD] or the Chittenden County Sheriff." (Doc. 72-2.)

McLaughlin's and Noonan's attestation to the lack of any documentation in the records of both the CCSD and the Department of State's Attorneys and Sheriffs indicating that Sall was employed by the CCSD, is sufficient to demonstrate the absence of a genuine issue of material fact regarding whether Sall was employed by the CCSD. *See United States v. Pinto-Mejia*, 720 F.2d 248, 257 (2d Cir. 1983) (allowing affiant testimony as to absence of records if, "after a diligent search of the records regularly kept by a public office or agency, a certain record, entry, report, etc., has not been found"); *United States v. Lee*, 589 F.2d 980, 988 (9th Cir. 1979) (admitting affidavits where affiants "were in positions to have personal knowledge of whether

12

there was any record of [defendant's employment]" and "were in positions of superior responsibility"). If the CCSD did not employ Sall, neither the Department itself nor an employee of the Department, including McLaughlin, could have had any responsibility over, or involvement in, the decision to terminate Sall's employment. With the alleged employment relationship between Sall and the Sheriff's Department removed from the Amended Complaint, no claims remain against McLaughlin.

Therefore, McLaughlin has met his burden of demonstrating that there are no genuine disputed issues of material fact regarding Sall's claims against McLaughlin.

> **B.    Sall has not come forward with evidence demonstrating the existence of a genuine disputed issue of material fact.**

Responding to McLaughlin's evidence that Sall was not an employee of the CCSD, Sall argues that: (1) he was told he was an employee of the "Chittenden County Sheriff, the State Attorney's Office" (Doc. 71 at 5), and given how those offices were structured, he was an employee of the [CCSD] (*id.* at 3); and (2) he was tasked with completing jobs that were "connected with the Sheriff['s] Department" (*id.* at 5).

> **1.    Sall has presented no evidence to substantiate the claims that (i) he was told during his employment at the CCSAO that he was an employee of the CCSD; and (ii) the structural relationship between the CCSAO and the CCSD rendered him an employee of both offices.**

Sall argues in his Opposition that he was "an employee of the Chittenden County Sheriff and Chittenden State Attorney's Office." (*Id.*) He explains that "[w]hen [he] was hired, [he] was told [he] worked for the Chittenden County Sheriff, the State Attorney's Office and [he] was [an] employee of the State." (*Id.*) Sall further states that "[t]he State Attorney's [O]ffice is divided into three: the Elected or Chief State Attorney, the deput[y] [s]tate's [a]ttorneys, and the legal [a]ssistant[s] or [s]ecretaries." (*Id.* at 3.) According to Sall, these legal assistants or

secretaries are employed by both "the Sheriff['s] Department" and the "State Attorney's Office." (*Id.*)

Federal Rule of Civil Procedure 56(c)(1)(A) requires that a party asserting that a fact is genuinely disputed "must support th[at] assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, [or] affidavits or declarations." *See D'Amico*, 132 F.3d at 149 (non-movant must offer "hard evidence" supporting his claim). On or around February 15, 2021, McLaughlin's counsel served Sall with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," as required by Local Rule 56(e). The Notice advised Sall that he "must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial," and that the claims asserted in his Amended Complaint may be dismissed without a trial if he did not respond to the Motion for Summary Judgment "by filing [his] own sworn affidavits or other papers as required by Fed. R. Civ. P. 56(e) and Local Rule 56(b)." (*See* Doc. 10-2, Doc. 10 at 1.) Nevertheless, Sall has not submitted evidence supporting his claim regarding an employment relationship between himself and the CCSD. (*See* Doc. 71 at 3, 5.)

Even if Sall had substantiated his claims by his own affidavit, the Court is not required to accept unsupported and implausible claims as true. Although in general district courts may not weigh the parties' credibility at the summary judgment stage, "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony . . . it will be impossible for a district court to determine whether the jury could reasonably find for the plaintiff, and thus whether there are any genuine issues of material fact, without making some assessment of the plaintiff's account." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (citation and internal

quotation marks omitted). In that situation, summary judgment may be granted where the non-movant presents only his own testimony and that testimony is "largely unsubstantiated by any other direct evidence" and "so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in [the] complaint." *Id.* at 555 (internal quotation marks omitted). Accordingly, the Court accepts the statements in McLaughlin's and Noonan's Affidavits that Sall was not employed by the CCSD over Sall's "assertion[s], completely unsupported by evidence," to the contrary. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (finding that "a pro se party's bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment" (internal quotation marks omitted)).

Alternatively, Sall appears to attempt to link McLaughlin to the HRC's investigation into Sall's allegedly discriminatory termination from the CCSAO. In its Report, the HRC found reasonable grounds to believe that both the Department of State's Attorneys and Sheriffs and the CCSAO had discriminated against Sall. (Doc. 39-1 at 3.) However, the HRC Report's exclusive focus is on Sall's allegations of discrimination while he was working at the CCSAO, and there is no discussion in the Report regarding any employment with the CCSD or even with the Vermont Department of State's Attorneys and Sheriffs. (*See id.* at 2–55.) Furthermore, McLaughlin attests that, even if Sall was employed by the Vermont Department of State's Attorneys and Sheriffs "at some point," he "would not have been an employee of the [CCSD], or in any manner under the management, control[,] or guidance of the Chittenden County Sheriff." (Doc. 10-1 at 2.)

There is no evidence to indicate that allegedly discriminatory conduct by the CCSAO may be attributable to the CCSD.[8]  While the Court may not decide between two versions of the same events when each version is properly substantiated by evidence, the Court does not accept Sall's assertions regarding an alleged employment relationship between himself and the CCSD because he has not properly substantiated his claims with evidence.  *Scott*, 550 U.S. at 380.

### 2. Sall's job duties and responsibilities do not demonstrate that he was employed by McLaughlin or the CCSD.

In an effort to establish that he was employed by the CCSD, Sall asserts that he performed work tasks "[a]s an employee of the Chittenden County Sheriff and Chittenden State Attorney's Office," including processing warrants, escapes, and VOPs, which "are duties and responsibilit[ies] connected with the Sheriff Department."  (Doc. 71 at 5.)  Sall further claims that he "worked with all of the Sheriff deputies that transport[ed] prisoners into Court for trials or arraignments [and] they all know [him]."  (*Id.* at 3.)

However, Sall includes these factual assertions in his Opposition and without adequate support.  Even assuming they were submitted by affidavit, they do not raise a genuine dispute of material fact.  While Sall has personal knowledge of the job duties he performed and the responsibilities he had with respect to his employment with the CCSAO, he presents no evidence to substantiate the claim that his performance of those duties or responsibilities at the CCSAO rendered him an employee of the CCSD.  Sall's assertions alone are insufficient to create a

---

[8] McLaughlin states in his reply brief that "[Sall]'s confusion regarding his employer may be attributable to the name of the entity that has administrative oversight of certain county officials – the 'Vermont Department of State's Attorneys and Sheriffs.'"  (Doc. 72-1 at 1.)  Sall states that "[t]he Department of State['s] Attorneys and Sheriffs[,] the Chittenden County Sheriff[,] and [the] Chittenden State Attorneys are the same[;] [t]here is not much of [a] differen[ce] between them".  (Doc. 80 at 12.)  However, the Affidavit of Kevin McLaughlin states that an employee of the Department of State's Attorneys and Sheriffs "would not have been an employee of the [CCSD], or in any manner under the management, control[,] or guidance of the Chittenden County Sheriff."  (Doc. 10-1 at 2.)  Other than his own statements, Sall has not offered any evidence to indicate that the "Department of State's Attorneys and Sheriffs," the "Chittenden County Sheriff's Department," and the "Chittenden County State's Attorney's Office" are the same entity.

16

disputed issue as to whether he worked for the CCSD. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

For these reasons, Sall has not come forward with evidence demonstrating the existence of a genuine disputed issue of material fact regarding whether he was employed by McLaughlin or the CCSD.

## Conclusion

Because there are no genuine disputed issues of material fact regarding Sall's claims against McLaughlin, I recommend that McLaughlin's Motion for Summary Judgment (Doc. 10) be GRANTED, and Sall's claims against McLaughlin be DISMISSED with prejudice.

Dated at Burlington, in the District of Vermont, this 27th day of January 2022.

                                               */s/ Kevin J. Doyle*
                                               Kevin J. Doyle
                                               United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).