U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2022 MAR -4  PM 4: 24

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| ABDULLAH SALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:20-cv-00214 |
| | ) |
| SEVEN DAYS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER
ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
GRANTING SEVEN DAYS' MOTION TO DISMISS THE AMENDED
COMPLAINT, AND GRANTING LEAVE TO AMEND**
(Docs. 39, 40, & 149)

This matter came before the court for a review of the Magistrate Judge's January 11, 2022 Report and Recommendation ("R & R") (Doc. 149), in which he recommended the court grant the motion to dismiss filed by Defendant Seven Days ("Seven Days") seeking dismissal of Plaintiff Abdullah Sall's Amended Complaint without leave to amend. (Doc. 39.) The Magistrate Judge further recommended that the court deny as moot Seven Days' special motion to strike. (Doc. 40.)

On January 24, 2022, both parties timely filed objections to the R & R. Plaintiff objects to the Magistrate Judge's conclusions regarding the alleged role of Seven Days in harming Plaintiff's reputation by publishing "a hit-piece article on behalf of Defendant Chittenden County State Attorney's office to enhance Defendant Chittenden State Attorney Sarah George's public image and to damage[] [his] public image and destroy any job prospect." (Doc. 152 at 1-2) (emphasis omitted). Plaintiff further asserts that Seven Days, in conjunction with numerous other Defendants, conspired to coerce his prior attorney to cease representation, delay compliance with discovery, and subject him to danger from attacks by other University of Vermont students while he was enrolled

there. He argues the court should invoke equitable estoppel to toll the statute of limitations.

Seven Days objects to the Magistrate Judge's recommendation that its special motion to strike under 12 V.S.A. § 1041 be denied as moot.

Plaintiff is self-represented. Seven Days is represented by Matthew B. Byrne, Esq.

## I.      Standard of Review.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Self-represented parties are generally accorded leniency when making objections. *See Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Vasquez v. Reynolds*, 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002)). Nevertheless, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Dixon v. Ragland*, 2007 WL 4116488, at *1 (S.D.N.Y. Nov. 16, 2007). In addition, self-represented parties must comply with the deadlines for objecting to a R & R. *See Wiltz v. New York Univ.*, 2019 WL 13116659, at *1 (S.D.N.Y. Mar. 7, 2019) ("[P]*ro se* litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education.") (internal quotation marks omitted); *Li v. Morrisville State Coll.*, 2010 WL 2735711, at *4 n.5 (N.D.N.Y. July 9, 2010) ("This Court affords *pro se* litigants special solicitude. . . . Nevertheless, a

2

litigant's *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotation marks omitted).

In his twenty-two-page R & R, the Magistrate Judge carefully reviewed the factual allegations in the Amended Complaint as well as the documents attached thereto or incorporated therein by reference. In light of Plaintiff's self-represented status, the Magistrate Judge accepted as true additional factual allegations Plaintiff raised for the first time in his opposition to the motion to dismiss to the extent those allegations were consistent with his Amended Complaint. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."). This leniency, however, proved problematic because Plaintiff's allegations evolved over time and Seven Days was not afforded the opportunity to admit or deny each allegation as required by Fed. R. Civ. P. 8(b). Moreover, even a self-represented plaintiff must adhere to the well-established rule that a party cannot amend his or her claims through a brief. *See Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (stating a plaintiff may not amend his claims by "advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint[]") (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)).

Rule 8 of the Federal Rules of Civil Procedure and this court's Local Rules require Plaintiff's allegations to be set forth in separately numbered paragraphs containing short and plain factual allegations, to which a defendant may respond in its answer or other responsive pleading. *See* Fed. R. Civ. P. 8(a) (identifying required contents of a pleading that states a claim for relief). The court declines to adopt the R & R's allowance of a more liberal approach to acceptable pleading.

## II.    Plaintiff's Claims Pursuant to 42 U.S.C. § 1983.

The Magistrate Judge correctly recommended dismissal of Plaintiff's 42 U.S.C. § 1983 claims against Seven Days because "a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Plaintiff fails to plausibly allege Seven Days was a state actor or acted under color of state law when it made allegedly defamatory statements about him. Plaintiff's conclusory allegations that Seven Days worked "in collaboration with the Chittenden County State Attorney's Office" to defame him and was "in the service of [Defendant] Sarah Fair George," (Doc. 7-2 at 14), do not suffice. *See Ciambriello*, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").

Because the court agrees there is no factual or legal basis to conclude Seven Days, an independent newspaper, is a state actor, Plaintiff's § 1983 claims against it must be dismissed with prejudice. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016).

### III. Plaintiff's Defamation Claims Arising out of the February 28, 2017 Article and the Reporter's Question.

The Magistrate Judge recommended dismissal of Plaintiff's defamation claims against Seven Days on statute of limitations grounds because those claims relate to the February 28, 2017 article and a reporter's allegedly defamatory question which pre-dated the article. Under Vermont law, Plaintiff's Complaint was required to be filed by February 28, 2020, however, Plaintiff filed it on November 12, 2020. *See* 12 V.S.A. § 512(3) (requiring claims for "slander and libel[]" be filed "within three years after the cause of action accrues[]"); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (affirming dismissal of defamation claim filed after three-year limitations period expired).

The court agrees with the Magistrate Judge that a statute of limitations defense is apparent from the face of the Amended Complaint. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises . . . a statutory bar as an affirmative defense and it is clear from the face of the complaint[.]") (brackets and internal quotation marks omitted).

4

As a result, Plaintiff's defamation claims against Seven Days arising from the article and the reporter's question are barred by the applicable statute of limitations.

In asking that his failure to comply with the applicable statute of limitations be excused, Plaintiff frames the issue as one of equitable estoppel. It is clear, however, that he urges the court to apply the doctrine of equitable tolling. He argues that in 2017 he "had no idea how to file a lawsuit and [he] did not know where to start," and Seven Days "intentionally stalled the Vermont Human Rights Commission investigation[.]" (Doc. 152 at 4.)

Under Vermont law, "[e]quitable tolling applies either where the defendant is shown to have actively misled or prevented the plaintiff in some extraordinary way from discovering the facts essential to the filing of a timely lawsuit, or where the plaintiff has timely raised the same claim in the wrong forum." *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 11, 186 Vt. 605, 610, 987 A.2d 258, 264. The Second Circuit has held that "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for [his] lateness in filing." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). The application of this doctrine is not, however, without limits. "Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." *Id.* If a plaintiff could have filed in a timely manner through the exercise of due diligence, equitable tolling does not apply even if there are extraordinary circumstances. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *see also Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.").

Because a claim of equitable tolling was not asserted in Plaintiff's Amended Complaint, it was not addressed in the R & R. *See Delap v. Mackey*, 2021 WL 5354762, at *1 (N.D.N.Y. Nov. 17, 2021) ("It is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and brackets omitted).

Notwithstanding the statute of limitations, the Magistrate Judge proceeded to analyze the merits of Plaintiff's claim arising from the reporter's question that "if [Plaintiff] cannot keep a job[,] how can the public trust [him] with a job?" and recommended dismissal of the claim because the factual premise of the question was true. (Doc. 149 at 4) (internal quotation marks omitted). This court agrees. Plaintiff acknowledged in his Amended Complaint that he had been terminated from his employment, which renders him unable to claim the reporter's question was false. *See Mansfield Heliflight, Inc. v. Freestream Aircraft USA, Ltd.*, 2019 WL 4863013, at *7 (D. Vt. Mar. 12, 2019) (listing "the familiar elements of defamation, which comprises libel and slander," including "a false . . . statement concerning another[]") (internal quotation marks omitted).

Moreover, as the Magistrate Judge observed, courts have been reluctant to characterize a *question* as defamatory because to do so would severely undermine the ability to engage in investigative reporting. *See Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1338, 1339 (D.C. Cir. 2015) ("[I]t is generally settled as a matter of defamation law in other jurisdictions that a question, however embarrassing or unpleasant to its subject, is not accusation. Questions indicate a defendant's lack of definitive knowledge about the issue. . . . Reporters routinely and necessarily ask questions in order to obtain information, and the mere asking of a question may cast a shadow on the reputation of a person about whom the question is asked. But a genuine effort to obtain information cannot be defamatory. A contrary rule would render legitimate reporting impossible.") (citations and internal quotation marks omitted).

Because the statute of limitations bars Plaintiff's defamation claims based on the article and the reporter's question and because the allegedly defamatory question was based on a true factual predicate, the court need not and does not adopt that portion of the R & R which analyzes whether malice has been plausibly pled.

## IV. Plaintiff's Defamation Claim Arising out of Paula Routly's Alleged Statement.

The Magistrate Judge recommended dismissal of Plaintiff's defamation claim against the "founder" of Seven Days, Paula Routly, based on her alleged statement to a friend on a Burlington street "in the midst of President Trump's [Muslim] travel ban[]" that she "can[]not believe they let [Plaintiff] back into the Country." (Doc. 7-2 at 15.) The court agrees with the Magistrate Judge's thorough reasoning in support of dismissal of this claim.

The statement in question is a non-actionable opinion. *See Knelman v. Middlebury Coll.*, 898 F. Supp. 2d 697, 722 n.11 (D. Vt. 2012) ("[S]tatements of pure opinion, no matter how negative, [are] non-libelous."), *aff'd*, 570 F. App'x 66 (2d Cir. 2014). Plaintiff does not allege that Ms. Routly expressed an incorrect opinion that she actually does not hold. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017) (holding that to allege a defamatory opinion statement, a plaintiff must plead that the defendant did "not honestly hold the stated belief and the belief is objectively incorrect[]"). Because the court agrees that the statement is non-actionable opinion, it does not address Seven Days' arguments regarding the innocent construction rule.

## V. Leave to Amend.

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason,

7

including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

"[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As the Magistrate Judge properly concluded, leave to amend would be futile with respect to Plaintiff's § 1983 claims because they lack the essential element of state action, are barred by the statute of limitations, constitute a question containing a factual premise which is not false, or constitute a non-actionable opinion. In his objections, however, Plaintiff argues that equitable tolling, which he calls equitable estoppel, may toll the statute of limitations with regard to his defamation claim based on the February 28, 2017 article. Leave to amend is granted solely for the purpose of asserting a claim of equitable tolling with regard to this defamation claim. It is not granted for any of Plaintiff's remaining claims which fail to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Plaintiff is advised that a Second Amended Complaint, if filed, will supersede and completely replace the original Complaint and the Amended Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). A Second Amended Complaint must

include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks.

Equally important, a Second Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10. Plaintiff is specifically advised not to allege his claims in a "narrative" manner. *See Boothe v. Circle K Stores, Inc.*, 2021 WL 1338280, at *4 (N.D. Ala. Apr. 9, 2021) (rejecting pro se pleading that "collectively set[s] forth a lengthy narrative in unnumbered paragraphs[]"); *Roulhac v. Kenyan*, 2015 WL 5943624, at *5-6 (N.D.N.Y. Oct. 13, 2015) (observing that because "none of the recitations contain separately enumerated paragraphs and instead are in narrative form[,]" it "would be too burdensome for any Defendant to respond[]" and recommending "that this entire matter be dismissed").

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. **Plaintiff must file his Second Amended Complaint by March 22, 2022 or this case will be dismissed**.

## VI.    Seven Days' Special Motion to Strike.

Finally, Seven Days objects to the Magistrate Judge's recommendation that the court deny as moot its special motion to strike. Pursuant to 12 V.S.A. § 1041(a), "[a] defendant in an action arising from the defendant's exercise, in connection with a public issue, of the right to freedom of speech or to petition the government for redress of grievances under the U.S. or Vermont Constitution may file a special motion to strike[.]" "The purpose of § 1041 is to discourage litigants from filing baseless lawsuits known as Strategic Lawsuits Against Public Participation (SLAPP)[,]" and to encourage free speech and public participation by "allowing speedy dismissal of meritless lawsuits." *Country Home Prods., Inc. v. Banjo*, 2015 WL 13505447, at *7 (D. Vt. Oct. 14, 2015) (citation, brackets, and internal quotation marks omitted).

"[G]ranting a motion to dismiss does not moot the motion to strike because the issue of attorney's fees remains a live controversy." *Cornelius v. The Chronicle, Inc.*,

9

2019 VT 4, ¶ 17, 209 Vt. 405, 415, 206 A.3d 710, 717. The Vermont Supreme Court has held that "the plain language 'shall award' [in § 1041(f)(1)] indicates that the award of fees is mandatory when a motion to strike is granted." *Id.* at ¶ 19, 209 Vt. at 416, 206 A.3d at 718.

In this case, Seven Days' special motion to strike provides alternative and additional bases upon which to dismiss Plaintiff's claims. Because granting the motion to dismiss does not moot the special motion to strike, the court declines to adopt the R & R's recommendation on this issue. The SLAPP motion may therefore be litigated in any subsequent proceedings in this case. Accordingly, in the event Plaintiff files a Second Amended Complaint, Seven Days may renew its special motion to strike.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of March, 2022.

Christina Reiss, District Judge
United States District Court