U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAR -9 PM 3: 30

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ABDULLAH SALL,                              )
                                            )
    Plaintiff,                              )
                                            )
    v.                                      )   Case No. 2:20-cv-00214
                                            )
GREATER BURLINGTON YMCA, et al.,            )
                                            )
    Defendants.                             )

**OPINION AND ORDER
ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART AND
DENYING IN PART DEFENDANT GREATER BURLINGTON YMCA'S
MOTION TO DISMISS THE AMENDED COMPLAINT,
AND GRANTING LEAVE TO AMEND**
(Docs. 82 & 153)

This matter came before the court for a review of the Magistrate Judge's January 26, 2022 Report and Recommendation ("R & R") (Doc. 153), in which he recommended the court grant in part and deny in part the motion to dismiss Plaintiff Abdullah Sall's Amended Complaint filed by Defendant Greater Burlington YMCA ("YMCA") with leave to file a Second Amended Complaint. (Doc. 82.) Neither party has filed objections to the R & R, and the deadline for doing so has expired.

Plaintiff is self-represented. The YMCA is represented by Benjamin J. Traverse, Esq., and Elizabeth K. Rattigan, Esq.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the

factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In light of Plaintiff's self-represented status, the Magistrate Judge accepted as true not only factual allegations in the Amended Complaint,[1] but allegations Plaintiff raised for the first time in his opposition to the YMCA's motion to dismiss. The YMCA was not afforded the opportunity to admit or deny these additional allegations as required by Fed. R. Civ. P. 8(b). Even a self-represented plaintiff must adhere to the well-established rule that a party cannot amend his or her claim through a brief. *See Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (stating a plaintiff may not amend his claims by "advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint[]") (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). The court declines to adopt the R & R's allowance of a more liberal approach to acceptable pleading because it is unfair to the YMCA and hampers the court's ability to fully consider Plaintiff's claims.

In his thirty-three-page R & R, the Magistrate Judge concluded that Plaintiff "brings this lawsuit generally under 42 U.S.C. § 1983[]" (Doc. 153 at 6 n.5) and correctly recommended dismissal of the § 1983 claims because Plaintiff failed to plausibly allege that the YMCA was a state actor or acted under color of state law. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002) (requiring a plaintiff to allege that a private party's "challenged conduct constitutes state action[]" or that "the private entity acted in concert with the state actor to commit an unconstitutional act.") (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). As there is no factual or legal basis upon which the YMCA could be deemed a state actor, Plaintiff's § 1983 claims must be dismissed with prejudice. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) ("[A] district court should not dismiss a pro se

---

[1] This included a fifty-nine-page narrative entitled "Self-[I]ntro" and an approximately nine-page narrative titled "Greater Burlington YMCA[.]"

complaint without granting leave to amend at least once, unless amendment would be futile.") (internal quotation marks omitted).

With respect to the YMCA's arguments for dismissal of Plaintiff's Title VII claims based on a failure to exhaust administrative remedies, statute of limitations grounds, and other defenses, the Magistrate Judge properly noted that, in evaluating a motion under Fed. R. Civ. P. 12(b)(6), a court may not consider an affidavit outside the four corners of the Amended Complaint unless it is incorporated by reference therein, is integral to the complaint, or is a "document[] possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). In his Amended Complaint, Plaintiff failed to allege the dates of his employment with the YMCA. The affidavit of Michele O'Day, the YMCA's senior director of human resources, purports to include these dates. The court agrees Plaintiff must have relied on this same information in framing his claims. However, the court need not determine whether the O'Day affidavit is integral to the Amended Complaint because the Magistrate Judge correctly concluded there are other grounds for dismissing Plaintiff's Title VII claims.

The Magistrate Judge analyzed Plaintiff's Title VII claims to determine whether they plausibly stated a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and concluded that they did not. In particular, the Magistrate Judge pointed out Plaintiff alleged religious, ethnic, and national origin discrimination; false accusations of being a misogynist; and false allegations of sexual harassment, as well as a hostile work environment, failure to promote, and retaliation. In doing so, Plaintiff set forth his claims in a narrative style that makes it difficult, if not impossible, to discern what is being alleged and against whom. The court agrees that, as currently framed, the Amended Complaint fails to allege the essential elements of a plausible Title VII claim. It therefore adopts the R & R's recommendation that Plaintiff's Title VII claims be dismissed.[2] The

---

[2] Because the Magistrate Judge's analysis of Plaintiff's Title VII failure to promote and retaliation claims are based on facts alleged for the first time in Plaintiff's opposition to the motion to dismiss, the court does not adopt this portion of the R & R.

3

Magistrate Judge also recommended dismissal of the Amended Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 10, which the court agrees present an alternate basis for dismissal. *See* Fed. R. Civ. P. 8(a) (identifying required contents of a pleading that states a claim for relief); Fed. R. Civ. P. 10 (listing required form of pleadings).

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

"[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Leave to amend is granted solely for Plaintiff's Title VII claims. It is not granted for Plaintiff's § 1983 claims, which fail to state a claim for which relief may be granted and for which amendment would be futile. *See* Fed. R. Civ. P. 12(b)(6); *see also Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Plaintiff is advised that a Second Amended Complaint, if filed, will supersede and completely replace the original Complaint and the Amended Complaint. *See Hancock v.*

*Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). A Second Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks.

Equally important, a Second Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10. Plaintiff is specifically advised not to allege his claims in a "narrative" manner. *See Boothe v. Circle K Stores, Inc.*, 2021 WL 1338280, at *4 (N.D. Ala. Apr. 9, 2021) (rejecting pro se pleading that "collectively set[s] forth a lengthy narrative in unnumbered paragraphs[]"); *Roulhac v. Kenyan*, 2015 WL 5943624, at *5-6 (N.D.N.Y. Oct. 13, 2015) (observing that because "none of the recitations contain separately enumerated paragraphs and instead are in narrative form[,]" it "would be too burdensome for any Defendant to respond[]" and recommending "that this entire matter be dismissed").

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. **Plaintiff must file his Second Amended Complaint by March 31, 2022 or this case will be dismissed.**
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 9th day of March, 2022.

/s/ *Christina Reiss*

Christina Reiss, District Judge
United States District Court