UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAR 14 AM 10: 49

CLERK

BY _____
DEPUTY CLERK

ABDULLAH SALL, )
)
Plaintiff, )
)
v. ) Case No. 2:20-cv-00214
)
SARAH FAIR GEORGE, et al., )
)
Defendants. )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT CHITTENDEN COUNTY SHERIFF KEVIN
MCLAUGHLIN'S MOTION FOR SUMMARY JUDGMENT**
(Docs. 10 & 154)

This matter came before the court for a review of the Magistrate Judge's January 27, 2022 Report and Recommendation ("R & R") (Doc. 154), in which he recommended the court grant the motion for summary judgment filed by Defendant Kevin McLaughlin in his official capacity as Chittenden County Sheriff and dismiss all claims against him. (Doc. 10.) On February 8, 2022, Plaintiff filed an objection to the R & R. (Doc. 159.)

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his seventeen-page R & R, the Magistrate Judge carefully reviewed the factual record and correctly concluded that there was no genuine dispute that Defendant was not

Plaintiff's employer and had no control over or involvement in his termination. *See* Fed. R. Civ. P. 56(a) (requiring "that there is no genuine dispute as to any material fact" for summary judgment to be granted). In turn, the Magistrate Judge properly determined Defendant was "entitled to judgment as a matter of law" and to dismissal of Plaintiff's claims of unlawful discrimination against Defendant relating to Plaintiff's allegedly unlawful termination. *Id.*

In his objection, Plaintiff argues that the R & R disregards the merits of his claims, fails to address whether Defendant discriminated against him outside the employment context, and does not analyze whether he was jointly employed by Defendant. Although Plaintiff maintains that he was jointly employed by Defendant and the Chittenden County State's Attorney's Office, the only evidence Plaintiff cites in support of this claim is the report of the Vermont Human Rights Commission (the "Commission"), which found "there are reasonable grounds to believe that the Department of State's Attorneys and Sheriffs [(the "Department")] & the Chittenden County State's Attorney[']s[] Office discriminated against [Plaintiff] in violation of 21 V.S.A. § 495, on the basis of his national origin, race and color."[1] (Doc. 39-1 at 3) (emphasis omitted). Plaintiff claims Defendant was a "co-defendant[]" in the Commission's investigation. (Doc. 159 at 4.) In fact, the Commission investigated the Chittenden County State's Attorney's Office and the Department, but not Defendant. (Doc. 39-1 at 3.)

In connection with the pending motion, Defendant proffered his own affidavit and the affidavit of Anne Noonan, the Department's Labor Relations and Operations Manager. Both affidavits attest that Plaintiff was never employed or supervised in any capacity by Defendant. Plaintiff admits he was "not directly supervised by [Defendant,]" (Doc. 159 at 2), but contends that Defendant should still be considered his joint employer. However, Plaintiff cites no evidence to counter Defendant's affidavits except the Commission's report, which does not support his claim.

---

[1] The Commission's reference to "Sheriffs" appears to be solely because this is part of the Department's name. The Commission's report makes no reference to any discriminatory action undertaken by Defendant or any member of his staff.

2

Plaintiff's remaining contentions, including that "over the years [he] was subjected to racial profiling by Sheriff deputies" and that Defendant "retaliated against [him] by communicating [a] negative Criminal Background Check" to a potential employer, who, in turn, denied his job application, are not supported by citations to the record as required by Fed. R. Civ. P. 56(c)(1). (Doc. 159 at 2-3) (emphasis omitted).

Despite receiving notice pursuant to Local Rule 56(e) that his claims could be dismissed without a trial if he did not counter facts presented by Defendant's summary judgment motion with citations to evidence in the record, such as witness statements or documents,[2] Plaintiff relies on arguments in place of facts.

Because Plaintiff is self-represented, the court must read his pleadings "liberally and interpret them to raise the strongest arguments that they suggest[,]" however, the "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks and citations omitted); *see also Nguedi v. Fed. Rsrv. Bank of New York*, 813 F. App'x 616, 618 (2d Cir. 2020) ("[Plaintiff's] *pro se* status did not eliminate his obligation to support his claims with some evidence to survive summary judgment. His reliance on conclusory allegations and unsubstantiated speculation could not suffice.") (internal quotation marks and citation omitted). Even with this leniency, Plaintiff's unsworn, unsupported allegations are insufficient to defeat summary judgment. *See Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) ("[A] *pro se* party's 'bald assertion,' completely

---

[2] Fed. R. Civ. P. 56(c)(1) provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

unsupported by evidence, is not sufficient to overcome a motion for summary judgment.") (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

For the foregoing reasons, the court adopts the Magistrate Judge's well-reasoned R & R in its entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 154) as the court's Opinion and Order, GRANTS Defendant's motion for summary judgment (Doc. 10), and DISMISSES all claims against Defendant.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of March, 2022.

/s/ *Christina Reiss*

Christina Reiss, District Judge
United States District Court