```
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF VERMONT
                                                          FILED
                    UNITED STATES DISTRICT COURT
                              FOR THE             2022 MAR 21  PM 12: 49
                         DISTRICT OF VERMONT
                                                        CLERK
```

ABDULLAH SALL,                         )         BY_____
                                       )              DEPUTY CLERK
    Plaintiff,                         )
                                       )
        v.                         )         Case No. 2:20-cv-00214
                                       )
CHITTENDEN COUNTY POLICE               )
DEPARTMENT, et al.,                    )
                                       )
    Defendants.                        )

**OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS THE AMENDED COMPLAINT, AND GRANTING IN PART LEAVE TO AMEND**
(Docs. 43, 46, 47, 60, 65, 67, 76, & 150)

    This matter came before the court for a review of the Magistrate Judge's January 14, 2022 Report and Recommendation (the "R & R") (Doc. 150), in which he recommended the court grant motions to dismiss filed by Defendants State of Vermont and the Vermont State Police (the "VSP") (collectively, the "State Defendants"); the South Burlington Police Department (the "SBPD"); the Towns of Bolton, Charlotte, Colchester, Essex, Hinesburg, Huntington, Jericho, Milton, Shelburne, St. George, Underhill, Westford, Williston, and Winooski (the "Municipal Defendants"); the City of Burlington; the City of South Burlington; and the Burlington Police Department (the "BPD") (collectively, the "Moving Defendants"). (Docs. 43, 46, 47, 60, 65, 67, & 76.) The Magistrate Judge further recommended that because Plaintiff had previously amended his Complaint, a further opportunity to amend should be denied as futile.

    On January 31, 2022, Plaintiff Abdullah Sall, who is self-represented, timely filed objection to the R & R. In his objection, he repeated allegations from the Amended Complaint, raised new allegations not included in the Amended Complaint, and contended the R & R "disregard[ed] [he] was the victim of racial profiling because of

[his] race, religion, and national origin." (Doc. 155 at 8.) He seeks $300 million in damages. The State Defendants and the Municipal Defendants filed responses to Plaintiff's objection, to which Plaintiff filed a reply on February 28, 2022.

Plaintiff is self-represented. The State Defendants are represented by Assistant Attorney General Lindsay N. Browning. The Municipal Defendants are represented by Michael J. Leddy, Esq. The City of Burlington, the City of South Burlington, the SBPD, and the BPD are represented by Christopher H. Boyle, Esq., and Pietro J. Lynn, Esq.

## I. Standard of Review.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Self-represented parties are generally accorded leniency when making objections. *See Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Vasquez v. Reynolds*, 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002)). Nevertheless, "even a *pro se* party's objection to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Dixon v. Ragland*, 2007 WL 4116488, at *1 (S.D.N.Y. Nov. 16, 2007).

## II. Plaintiff's Claims in the Amended Complaint.

In his twenty-six-page R & R, the Magistrate Judge analyzed the factual allegations in Plaintiff's Amended Complaint and the documents attached to it or incorporated therein. He determined that Plaintiff was asserting claims against the

Moving Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the Equal Protection Clause.

### A. Whether Plaintiff has Plausibly Alleged a Violation of the Fourteenth Amendment's Equal Protection Clause and § 1983.

The Magistrate Judge recommended dismissal of Plaintiff's claims against the Moving Defendants because Plaintiff's generalized allegations of negative interactions with police officers, Burlington residents, and in various towns and cities in Chittenden County failed to satisfy pleading requirements. In his twenty-one-page objection, Plaintiff repeated many of his unparticularized grievances against unnamed police officers and residents of Chittenden County. *See, e.g.*, Doc. 155 at 4-5 ("The [R & R] disregard[s] many times, I have been followed, stopped, and searched before I knew that an officer is only allowed to search my car with a warrant[.]"). Plaintiff also alleged new interactions which are not contained in his Amended Complaint. The Moving Defendants were not afforded the opportunity to admit or deny these additional allegations as required by Fed. R. Civ. P. 8(b). Even a self-represented plaintiff must adhere to the well-established rule that a party cannot amend his or her claim through a brief. *See Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, 810 F. App'x 17, 20 (2d Cir. 2020) (stating a plaintiff may not amend his claims by "advocating a different theory of liability in an opposition brief wholly unsupported by factual allegations in the complaint[]") (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). The court therefore declines to consider Plaintiff's new factual assertions.

"To state a race-based [§ 1983] claim under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race." *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 337 (2d Cir. 2000). A plaintiff must allege that "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion[.]" *Hu v. City of N.Y.*, 927 F.3d 81, 91 (2d Cir. 2019). The identified comparator must "bear a reasonably close resemblance" to Plaintiff and be "similarly situated in all material

respects[.]" *Id.* at 96 (quoting *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) and *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). "In the absence of further factual allegations, Plaintiff's bare allegation [that the individual Defendants 'targeted' him because of 'the color of his skin'] does not plausibly give rise to a claim of racially motivated discrimination." *Hollins v. S. Burlington Police Dep't*, 2020 WL 1033335, at *7 (D. Vt. Mar. 3, 2020).

> Claims of race-based discrimination under the Equal Protection Clause require that intentional discrimination be alleged in a non-conclusory fashion. It is hornbook law that the mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened *because* the person is a member of that racial group. The naked assertion by a plaintiff that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race is too conclusory to survive a motion to dismiss.

*Traylor v. Hammond*, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) (citations, brackets, omissions, and internal quotation marks omitted).

In this case, the Magistrate Judge correctly concluded that Plaintiff's Amended Complaint lacks plausible factual allegations that Plaintiff was treated differently than others who are similarly situated due to the Moving Defendants' discriminatory intent. *See Garzon v. Jofaz Transp., Inc.*, 2013 WL 783088, at *3 (E.D.N.Y. Mar. 1, 2013) ("Because the majority of plaintiff's allegations do 'little more than cite to [his] mistreatment and ask the court to conclude that it must have been related to [his] race,' the allegations in the complaint do not plausibly give rise to a claim for discriminatory treatment.") (third alteration omitted) (quoting *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001)).

Because the court agrees that Plaintiff has not plausibly alleged the essential elements of a § 1983 Equal Protection claim, the Moving Defendants' motions to dismiss that claim is GRANTED.

### B.     Whether Sovereign Immunity Bars Plaintiff's Claims Against the State Defendants, the SBPD, and the BPD.

As an alternate ground for dismissal, the Magistrate Judge reviewed the State Defendants' argument that sovereign immunity bars Plaintiff's claims for monetary

damages. Eleventh Amendment sovereign immunity bars suits for monetary damages against state officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). The State of Vermont has neither waived its immunity to suit in federal court, *Thompson v. Pallito*, 949 F. Supp. 2d 558, 572 (D. Vt. 2013), nor has its immunity been abrogated by Congress by statute. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).

In addition, the Magistrate Judge correctly concluded that none of the State Defendants was a "person" subject to a suit for monetary damages under § 1983. *Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998). Similarly, the SBPD and the BPD are not considered "persons" for purposes of § 1983. *See Hollins*, 2020 WL 1033335, at *3 ("There are no statutes or ordinances in Vermont that permits a suit against a municipal police department. This [c]ourt has consistently held that such departments do not have the capacity to be sued."). The court agrees with these well-reasoned conclusions and adopts them in their entirety.

### C. Whether Plaintiff Fails to State a Plausible Claim Against the Municipal Defendants.

The Magistrate Judge recommended dismissal of Plaintiff's claims against the Municipal Defendants because he failed to plausibly allege any deliberate conduct or any custom, policy, or practice that would have caused a deprivation of his constitutional right as required by *Monell v. Dep't of Social Services of New York*, 436 U.S. 658 (1978). The court agrees with the R & R's well-reasoned conclusion that Plaintiff has not plausibly alleged a claim against the Municipal Defendants and his claims must be DISMISSED. *See Hollins*, 2020 WL 1033335, at *6 n.3 ("Although the Second Circuit has admonished that courts should not condone racially motivated police behavior and must take seriously an allegation of racial profiling, Plaintiff's general and conclusory allegations are insufficient to establish any plausible claim of municipal liability based on a policy of racial profiling.") (citations and internal quotation marks omitted).

### D. Whether the Amended Complaint should be Dismissed for Failure to Comply with Federal Rules of Civil Procedure 8 and 10.

The Magistrate Judge also recommended dismissal of the Amended Complaint, which is in narrative form, for failure to comply with Federal Rules of Civil Procedure 8 and 10. *See* Fed. R. Civ. P. 8(a) (identifying required contents of a pleading that states a claim for relief); Fed. R. Civ. P. 10 (listing required form of pleadings). The court agrees that Plaintiff's failure to comply with Rules 8 and 10 presents an alternate basis for dismissal. In doing so, it finds that Plaintiff's narrative pleading style deprives the Moving Defendants of adequate notice of his claims and deprives the court of the ability to fully consider the merits of his claims.

### E. Leave to Amend.

The Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As the Magistrate Judge properly concluded, leave to amend would be futile against Defendants who either cannot be sued, such as the BPD, the SBPD, and other municipal police departments, or Defendants such as the State Defendants from whom sovereign immunity bars an award of monetary damages. Better pleading will not cure

6

these deficiencies. The court, however, GRANTS Plaintiff leave to amend his claims against the Municipal Defendants. Leave to amend is granted solely for this purpose. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

Plaintiff is advised that a Second Amended Complaint, if filed, will supersede and completely replace the original Complaint and the Amended Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). A Second Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and the relief he seeks.

Equally important, a Second Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10. Plaintiff is specifically advised not to allege his claims in a "narrative" manner. *See Boothe v. Circle K Stores, Inc.*, 2021 WL 1338280, at *4 (N.D. Ala. Apr. 9, 2021) (rejecting pro se pleading that "collectively set[s] forth a lengthy narrative in unnumbered paragraphs[]"); *Roulhac v. Kenyan*, 2015 WL 5943624, at *5-6 (N.D.N.Y. Oct. 13, 2015) (observing that because "none of the recitations contain separately enumerated paragraphs and instead are in narrative form[,]" it "would be too burdensome for any Defendant to respond[]" and recommending "that this entire matter be dismissed").

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1. **Plaintiff must file his Second Amended Complaint by April 14, 2022 or this case will be dismissed**.

7

## CONCLUSION

For the foregoing reasons, the court ADOPTS IN PART the R & R (Doc. 150), GRANTS the motions to dismiss (Docs. 43, 46, 47, 60, 65, 67, & 76), DISMISSES Plaintiff's claims against the Moving Defendants, and GRANTS IN PART AND DENIES IN PART leave to amend.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of March, 2022.

Christina Reiss, District Judge
United States District Court