UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ABDULLAH SALL,  )
 )
Plaintiff,  )
 )
v.  ) Case No. 2:20-cv-00214
 )
LOCAL MOTION INC., et al.,  )
 )
Defendants.  )

**OPINION AND ORDER
GRANTING DEFENDANT LOCAL MOTION INC.'S MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT AND
GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY**
(Docs. 186 & 220)

On April 18, 2022, Plaintiff Abdullah Sall, representing himself, filed a Second Amended Complaint ("SAC") against Defendant Local Motion Inc. ("Local Motion"). (Doc. 174.) Plaintiff alleges claims of employment discrimination and retaliation on the basis of race, national origin, religion, and sex in violation of 42 U.S.C. § 1981 and Titles VI and VII of the Civil Rights Act of 1964 and a claim of defamation under 28 U.S.C. § 4101. Local Motion moves to dismiss the SAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 186.) Plaintiff opposes the motion and, following Local Motion's reply, filed a "response" to the reply. *See* Doc. 216. Local Motion has moved to strike that sur-reply. (Doc. 220.)

**I.   Relevant Procedural History.**

On November 12, 2020, Plaintiff filed this action in the United States District Court for the District of Massachusetts. Following transfer of the case to this district, on January 19, 2021, Plaintiff filed an Amended Complaint which named Local Motion as a defendant. On March 15, 2021, Local Motion filed an Answer to the Amended Complaint. On April 18, 2022, Plaintiff filed the SAC against Local Motion.

## II. Whether the Amended Complaint or the SAC is the Operative Complaint.

Pursuant to Federal Rule of Civil Procedure 15:

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Plaintiff filed his SAC over a year after Local Motion's responsive pleading was filed. Because his filing was outside of the time period for amendments as a matter of course, he was required to obtain the opposing party's written consent or leave of the court. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

In this case, Plaintiff obtained neither Local Motion's consent nor the court's leave. The Federal Rules, however, counsel courts to "freely give leave [to amend] when justice so requires." *Id.* Because Local Motion has not objected on the basis that Plaintiff failed to comply with Rule 15 and has responded to the SAC, the court accepts the SAC as the operative pleading in this case. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) ("[I]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect[.]") (internal quotation marks omitted).

## III. The SAC's Allegations.

In the thirty-nine-page SAC against Local Motion, Plaintiff alleges that he is "Black, Muslim, and an African immigrant to the United States of America[.]" (Doc. 174 at 2, ¶ 1.) He describes Local Motion as "Vermont's statewide sustainability nonprofit organization advocate group for active transportation, vibrant communities, and safe streets that encourage walking and biking within reach for all Vermonters." *Id.* at ¶ 2. Plaintiff asserts that he "was employed as a Cultural Liaison by Defendant Local Motion through the AmeriCorp[] We all belong Program[.]" *Id.* He contends that "[f]rom the day I started my position I was under never ending race, religion, ethnic, and national origin interrogation." *Id.* at 4, ¶ 2; *see also id.* at 7, ¶ 9 ("[E]very day I went to work, I had to listen to their bashing of my race, religion, ethnicity, and nationality."). He alleges that "Local Motion was used to actively ferry my name as a sexist, misogynist, and pedophile

2

around the state of Vermont, maintaining a vibrant hatred of me among the communities, and thereby, making my life unsafe on the streets of Vermont." *Id.* at 6, ¶ 5. He further alleges that he was "taunted daily" for his religion and culture, *id.* at 16, ¶ 38, and that, as a result of his race, religion, and ethnicity, he was treated differently or less favorably than other employees.

Plaintiff contends that he "was doing [his] work perfectly as a Cultural Liaison[,]" but "[a]fter they made up their minds to terminate [his] employment, they began to spread rumors in the office" and to "mak[e] unprovoked criticism of [his] performance." (Doc. 174 at 13, ¶ 28.) Plaintiff "left Defendant Local Motion in 2012[.]" *Id.* at 11, ¶ 22. His employment was terminated because "it was 'not a fit.'" *Id.* at 30, ¶ 28. Plaintiff asserts that the "hostilities against [him] did not stop with [his] firing . . . . They circulated my name as a sexist, misogynist, and a pedophile among their LGBTQ." *Id.* at 17, ¶ 42.

Plaintiff asserts claims of race-based discrimination based on both a hostile work environment and disparate treatment, retaliation, constructive discharge, national origin, religious, and sex-based hostile work environment, and defamation. He seeks $300 million in damages.

IV.  **Conclusions of Law and Analysis.**

   A.  **Local Motion's Motion to Strike Plaintiff's Sur-Reply.**

As a threshold matter, Local Motion moves to strike Plaintiff's sur-reply. As Plaintiff has been informed, this court's Local Rules do not provide for the filing of a sur-reply in response to a reply memorandum. *See* Docs. 122, 134; *see also* D. Vt. L.R. 7(a). Although the court "may in its discretion permit the filing of a surreply after the requesting party timely files a motion seeking leave to do so[,]" (Doc. 134 at 2), Plaintiff did not move for leave to file his "response" to Local Motion's reply. Because Plaintiff has been warned that the rules do not allow a sur-reply as a matter of course, failed to request leave, and could have advanced the arguments of his sur-reply in his filing in opposition, Local Motion's motion to strike (Doc. 220) is GRANTED.

B.   **Local Motion's Motion to Dismiss.**

Local Motion moves to dismiss the SAC, arguing that Plaintiff's claims of employment discrimination and retaliation are barred by the statute of limitations and his failure to exhaust his administrative remedies, and because the SAC fails to state a claim for defamation.

1.   **Standard of Review.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To determine whether this standard is satisfied, the court employs a "two-pronged approach[.]" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (internal quotation marks omitted). First, the court "must accept as true all of the [factual] allegations contained in a complaint" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Second, the court analyzes whether the complaint's "'well-pleaded factual allegations' . . . 'plausibly give rise to an entitlement to relief.'" *Hayden*, 594 F.3d at 161 (quoting *Iqbal*, 556 U.S. at 679). The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff will prevail. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017). Although the statute of limitations is ordinarily an affirmative defense that must be raised in an answer, the issue may be decided at the motion to dismiss stage if it appears on the face of the complaint. *See Ellul v. Congregation of Christian Brothers*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is therefore required to read the SAC liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89,

4

94 (2007) (internal quotation marks omitted). All complaints, however, must contain "sufficient factual matter[] . . . to state a claim" for relief. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); Fed. R. Civ. P. 8, 12.

### 2. Plaintiff's Employment-Related Claims.

Plaintiff alleges that Local Motion discriminated against him on the basis of his race, national origin, and religion, retaliated against him, and constructively discharged him in violation of 42 U.S.C. § 1981 and Titles VI and VII of the Civil Rights Act of 1964. Section 1981 prohibits, among other things, race-based interference with a plaintiff's right "to make and enforce contracts," which includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a), (b). The Supreme Court has instructed that § 1981 claims arising out of the employment relationship are subject to a four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004); *see also Brown v. Castleton State Coll.*, 663 F. Supp. 2d 392, 396 (D. Vt. 2009) (applying four-year federal statute of limitations to plaintiff's § 1981 racial discrimination claim).

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI affords a private right of action for intentional discrimination. *See Alexander v. Sandoval*, 532 U.S. 275, 293 (2001). Because Title VI does not contain an express statute of limitations, the court must select the "'the most appropriate' or 'the most analogous' state statute of limitations[.]" *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996). The Second Circuit has held that discrimination actions "are most analogous to personal injury actions under state law; hence, the corresponding state statute of limitations has been deemed controlling." *Morse v. Univ. of Vt.*, 973 F.2d 122, 126 (2d Cir. 1992). Vermont's statute of limitations for personal injuries is three years. *See* 12 V.S.A. § 512(4) ("Actions for the following causes

5

shall be commenced within three years after the cause of action accrues . . . injuries to the person suffered by the act or default of another person[.]").

Title VII prohibits employers from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).

> [A] Title VII claimant may establish an employer's liability under the statute by showing either (1) that he has suffered an adverse job action under circumstances giving rise to an inference of discrimination on the basis of [his] race, color, religion, sex, or national origin (*i.e.*, a discrete act claim), or (2) that he was subjected to harassment on account of one or more of the above bases that amounted to a hostile work environment (*i.e.*, a hostile work environment claim).

*Tassy v. Buttigieg*, 51 F.4th 521, 529 (2d Cir. 2022) (second alteration in original and internal quotation marks omitted). "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). In Vermont, a Title VII plaintiff must file a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000-5(e)(1),[1] and must then file his or her action in federal court within ninety days of receiving a right-to-sue letter from the agency, *id.* § 2000e-5(f)(1). "Title VII provides no alternative statute of limitations[.]" *Duplan v. City of New York*, 888 F.3d 612, 624 (2d Cir. 2018).

As the Second Circuit has explained, "[a] cause of action for employment discrimination accrues from the moment of the discrete act constituting an unlawful employment practice[.]" *Seck v. Info. Mgmt. Network*, 697 F. App'x 33, 34 (2d Cir. 2017). The Supreme Court has recognized the important policy considerations

---

[1] Ordinarily, discrimination claims under Title VII must be filed with the EEOC within 180 days of the date on which the "alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1). However, if the alleged discrimination occurred in a state, such as Vermont, that has its own antidiscrimination laws and an agency to enforce those laws, then the time period for filing claims with the EEOC is extended to 300 days. *See id.*

underpinning statutes of limitations. As the Court explained, a "statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980). This court therefore is required to apply statutes of limitations notwithstanding any unfairness Plaintiff may perceive in its application. *See, e.g., Converse v. Gen. Motors Corp.*, 893 F.2d 513, 514 (2d Cir. 1990) (affirming dismissal of action filed by father of children killed in an accident that was served five days beyond the expiration of the applicable statute of limitations).

Accepting as true Plaintiff's allegations that he suffered unlawful discrimination and that he was unlawfully terminated by Local Motion, his claims accrued, at the latest, at his termination. *See Seck*, 697 F. App'x at 34 (holding plaintiff's employment discrimination "claims accrued, at the latest, . . . when he was terminated"). Plaintiff alleges that his employment at Local Motion ended in 2012. However, he did not commence his action against Local Motion until 2021. As a result, Plaintiff's employment discrimination claims are time-barred because they were filed more than eight years after accrual, which is well outside the applicable statute of limitation.[2]

Although Plaintiff further argues that the court should apply equitable estoppel to excuse his failure to comply with the applicable statute of limitations, he provides no grounds for doing so. He states: "Even if I knew or sensed I was the victim of racial discrimination or hostile work environment, I did not know how to find a lawyer or bring this case before the [c]ourt on my own." (Doc. 192 at 5.) The court construes his argument as requesting the court apply equitable tolling.

Under Vermont law, "[e]quitable tolling applies either where the defendant is shown to have actively misled or prevented the plaintiff in some extraordinary way from

---

[2] With respect to Plaintiff's Title VII claims, his failure to allege that he filed a claim with the EEOC also provides an alternative ground for dismissal of his claims. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (observing that exhaustion "is an essential element of Title VII's statutory scheme") (internal quotation marks omitted).

discovering the facts essential to the filing of a timely lawsuit, or where the plaintiff has timely raised the same claim in the wrong forum." *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 11, 186 Vt. 605, 610, 987 A.2d 258, 264. The Second Circuit has held that "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for [his] lateness in filing." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004).

In the absence of allegations that Local Motion actively misled or prevented Plaintiff in some extraordinary way from discovering the facts essential to the timely filing of his lawsuit, the statute of limitations is not tolled with regard to his employment discrimination claims. *See Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985) ("An 'extraordinary' circumstance permitting tolling of the time bar on equitable grounds might exist if the employee could show that it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory.").[3]

For the reasons stated above, Local Motion's motion to dismiss Plaintiff's employment discrimination claims is GRANTED.

### 3. Plaintiff's Defamation Claim.

Plaintiff asserts a claim of defamation of character under 28 U.S.C. § 4101. Section 4101, however, does not provide a cause of action for defamation and pertains only to foreign defamation judgments. *See Thomas v. Brasher-Cunningham*, 2020 WL 4284564, at *10 (D. Conn. July 27, 2020) (recognizing § 4101 does not create a cause of action for defamation but instead defines defamation "in the context of a statute that allows for actions recognizing foreign defamation judgments"). As Plaintiff concedes, § 4101 has no applicability to his case as there is no allegation of a foreign defamation judgment. *See* Doc. 192 at 3 ("I want the Defendant to know I now know defamation is a common law case and does not have statutory code[.]"). Plaintiff's unintended mistake is

---

[3] Plaintiff asserts that Local Motion's "abuses did not stop when they terminated my employment but continued until I left Vermont in 2019" and the "last time I was in Vermont was 2019 and the last time someone made the allegation was 2019." (Doc. 192 at 2, 4.) These additional allegations appear to pertain to his defamation claim. He does not claim he was employed by Local Motion in 2019.

8

excused. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (internal quotation marks and citations omitted) ("[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Rather, factual allegations alone are what matters. That principle carries particular force where a [self-represented] litigant is involved.").

In Vermont, the elements of a defamation claim are: (1) a false and defamatory statement; (2) negligence; (3) publication; (4) lack of privilege; (5) special damages, unless the statement is actionable per se; and (6) actual harm to warrant compensatory damages. *See Stone v. Town of Irasburg*, 2014 VT 43, ¶ 61, 196 Vt. 356, 380-81, 98 A.3d 769, 785.

It is Plaintiff's obligation to identify the particular statements alleged to be false as well as who made them. *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 251 (2d Cir. 2017) ("Vagueness as to the complained-of conduct is particularly inappropriate when pleading a defamation claim" because "the complaint must afford defendant sufficient notice of the communications complained of to enable him to defend himself.") (internal quotation marks and brackets omitted). The SAC fails to identify the specific false and defamatory language at issue. Because Plaintiff has not recited a specific statement made by Local Motion or why that statement was allegedly false and defamatory, he has failed to properly plead a defamation claim under Vermont law.

Because the SAC fails to allege the essential elements of a defamation claim, Local Motion's motion to dismiss this claim must be GRANTED.

### C.    Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once[.]" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."

*IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff has not requested a further opportunity to amend his pleading against Local Motion. In addition, leave to amend would be futile with respect to Plaintiff's employment discrimination and retaliation claims because they are barred by the applicable statute of limitations. Because Plaintiff has already had multiple opportunities to state a plausible claim and Local Motion has twice responded, the court declines to grant leave to amend sua sponte. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

## CONCLUSION

For the reasons set forth above, Local Motion's motion to strike Plaintiff's sur-reply (Doc. 220) is GRANTED and its motion to dismiss (Doc. 186) is GRANTED. Plaintiff's Second Amended Complaint (Doc. 174) is DISMISSED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of March, 2023.

Christina Reiss, District Judge
United States District Court