U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2023 MAR 20 PM 4:57
CLERK
BY ︎ /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ABDULLAH SALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-00214 |
| ) | |
| GREATER BURLINGTON YMCA, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER
GRANTING DEFENDANT GREATER BURLINGTON YMCA'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**
(Doc. 189)

On April 18, 2022, Plaintiff Abdullah Sall, representing himself, filed a Second Amended Complaint ("SAC") against Defendant Greater Burlington YMCA (the "YMCA"). (Doc. 175.) Plaintiff alleges claims of employment discrimination and retaliation on the basis of race, national origin, religion, and sex in violation of 42 U.S.C. § 1981 and Titles VI and VII of the Civil Rights Act of 1964 and a claim of defamation under 28 U.S.C. § 4101. The YMCA moves to dismiss the SAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 189.) Plaintiff opposes the motion.

**I.      Relevant Procedural History.**

On November 12, 2020, Plaintiff filed this action in the United States District Court for the District of Massachusetts. Following transfer of the case to this district, on January 19, 2021, Plaintiff filed an Amended Complaint which named the YMCA as a defendant. On March 26, 2021, the YMCA moved to dismiss the Amended Complaint.

On January 26, 2022, Magistrate Judge Kevin J. Doyle issued a Report and Recommendation ("R & R"). He recommended that the YMCA's motion to dismiss be denied with respect to the statute of limitations and exhaustion arguments, granted with

respect to any 42 U.S.C. § 1983 claims for lack of state action, and granted on the ground of failure to plausibly allege claims of hostile work environment, failure to promote, and retaliation under Title VII. He further recommended that Plaintiff be granted leave to file a Second Amended Complaint. In connection with this recommendation, the Magistrate Judge emphasized that Plaintiff "should . . . plead—with specificity—the dates of [his] employment with the YMCA, whether and when he filed a charge with the EEOC or HRC regarding his Title VII allegations against the YMCA, and whether and when he received a right-to-sue letter[.]" (Doc. 153 at 33.) Neither party filed objections.

On March 9, 2022, the court adopted in part the R & R. The court held Plaintiff's § 1983 claims failed because there was no factual or legal basis to conclude the YMCA was a state actor and dismissed those claims with prejudice. The court determined the Magistrate Judge further correctly concluded Plaintiff's Title VII claims failed to plausibly state a claim upon which relief could be granted because the Amended Complaint failed to allege the essential elements of a Title VII claim.[1] The court granted leave to amend "solely for Plaintiff's Title VII claims." (Doc. 166 at 4.) Plaintiff was warned in bold letters that his SAC must be filed "by March 31, 2022 or [his] case will be dismissed." *Id.* at 5 (emphasis omitted).

## II. The SAC's Allegations.

On April 18, 2022, Plaintiff filed the thirty-nine-page SAC against the YMCA,[2] alleging that he is "Black, Muslim, and an African immigrant to the United States of America[.]" (Doc. 175 at 1, ¶ 1.) Plaintiff states that he was employed as a clerical assistant and front desk attendant by the YMCA. Plaintiff states that the YMCA "had five to six thousand members and twenty-thousand visitors every year" and that he "was the first point of contact" with people entering the facility. *Id.* at 3, ¶ 6. Plaintiff alleges that

---

[1] Because the Magistrate Judge's analysis of Plaintiff's Title VII failure to promote and retaliation claims was based on facts alleged for the first time in Plaintiff's opposition to the motion to dismiss, the court did not adopt that portion of the R & R. *See* Doc. 166 at 3 n.3.

[2] In light of Plaintiff's self-represented status and in the absence of an objection from the YMCA, the court accepts the SAC as timely filed.

the YMCA discriminated against him based on his race, religion, and national origin and defamed and retaliated against him. He contends the YMCA "subjected [him] to slurs, insults, jokes, comments, character smears, harassment, and intimidation." *Id.* at 4, ¶ 10. Specifically, the YMCA allegedly told Plaintiff that "African men are sexist, aggressive, hyper sexual, and they do not know how to control themselves around women." *Id.* at 5, ¶ 10, In addition, the YMCA allegedly stated that "Muslim men are sexists[,] . . . hate women[,] and . . . are likely to commit an act of terrorism[,]" *id.* at 9, ¶ 22, and that "if [he] was a Christian from the Caribbean[,] [he] would have fit[]in." *Id.* at 11, ¶ 30.

Plaintiff alleges that he "began to experience harsh[,] unprovoked, and unjustified criticism the first week [he] started . . . employment." (Doc. 175 at 6, ¶ 14.) He asserts that he was "subjected to verbal assaults by guests, co-workers, and community members because of [his] religion, race, and national origin that created [a] hostile work environment[.]" *Id.* at 16, ¶ 43. He states that the "YMCA staff accused [him] of fraternizing with white girls or women, which they find offensive and threatening because of [his] race, religion, culture, and national origin[.]" *Id.* at 10, ¶ 26. Plaintiff contends that the YMCA staff "developed a sexual harassment scheme to entrap [him] and . . . used that to get rid of [him]. They encouraged new female co-workers to flirt with [him] and build a trust with [him] and then rescind consent." *Id.* at 14 ¶ 38.

Plaintiff also alleges that the YMCA "was used as a venue to spread lies about their perceived sexist and misogynistic assessment of [his] character[.]" *Id.* at 15, ¶ 41. He asserts that the YMCA staff falsely accused him of "shouting Allahu Akbar and chanting, 'Death to America[,]'" *id.* at 24, ¶ 60, and "sent [a] false tip to law enforcement to make a terrorist out of [him]." (Doc. 175 at 27, ¶ 66.) He alleges that the YMCA "failed . . . to stop the false and malicious portrayal of [his] character." *Id.* at 24, ¶ 61. Plaintiff alleges that he was eventually terminated.

Plaintiff asserts claims of race-based discrimination based on both a hostile work environment and disparate treatment; retaliation; constructive discharge; national origin, religious, and ancestry-based hostile work environment; and defamation. He seeks $300 million in damages.

## III. Conclusions of Law and Analysis.

### A. The YMCA's Motion to Dismiss.

The YMCA moves to dismiss Plaintiff's SAC arguing that the claims of employment discrimination and retaliation are barred by the applicable statute of limitations and Plaintiff's failure to exhaust his administrative remedies and because the SAC fails to state a claim for defamation.

#### 1. Standard of Review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To determine whether this standard is satisfied, the court employs a "two-pronged approach[.]" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (internal quotation marks omitted). First, the court "must accept as true all of the [factual] allegations contained in a complaint" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Second, the court analyzes whether the complaint's "'well-pleaded factual allegations' . . . 'plausibly give rise to an entitlement to relief.'" *Hayden*, 594 F.3d at 161 (quoting *Iqbal*, 556 U.S. at 679). The court does not "weigh the evidence" or "evaluate the likelihood" that a plaintiff will prevail. *Christiansen v. Omnicom Grp., Inc.*, 852 F.3d 195, 201 (2d Cir. 2017). Although the statute of limitations is ordinarily an affirmative defense that must be raised in an answer, the issue may be decided at the motion to dismiss stage if it appears on the face of the complaint. *See Ellul v. Congregation of Christian Brothers*, 774 F.3d 791, 798 n.12 (2d Cir. 2014).

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is therefore required to read the SAC liberally and to hold it "to less stringent

4

standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). All complaints, however, must contain "sufficient factual matter[] . . . to state a claim" for relief. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); Fed. R. Civ. P. 8, 12.

### 2. Plaintiff's Defamation Claim.

Plaintiff asserts a claim of defamation of character under 28 U.S.C. § 4101, however, Plaintiff was granted leave to amend his complaint with regard to his Title VII claims only. For this reason, Plaintiff's attempt to assert a new legal basis for a defamation claim is improper. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."). Given Plaintiff's self-represented status and because the defamation claim is distinct from his employment discrimination claims, the court will nonetheless consider whether Plaintiff states a defamation claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Section 4101 does not provide a cause of action for defamation and pertains only to foreign defamation judgments. *See Thomas v. Brasher-Cunningham*, 2020 WL 4284564, at *10 (D. Conn. July 27, 2020) (recognizing § 4101 does not create a cause of action for defamation but instead defines defamation "in the context of a statute that allows for actions recognizing foreign defamation judgments"). As Plaintiff concedes, § 4101 has no applicability to his case as there is no allegation of a foreign defamation judgment. *See* Doc. 194 at 3 ("I would like to correct the confusion with regard to the statutory title for the defamation of character. I did not know defamation of character was based on a common law until now."). Plaintiff's unintended mistake is excused. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (internal quotation marks and citations omitted) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Rather, factual allegations

5

alone are what matters. That principle carries particular force where a [self-represented] litigant is involved.").

Under Vermont law, the elements of a defamation claim are: (1) a false and defamatory statement; (2) negligence; (3) publication; (4) lack of privilege; (5) special damages, unless the statement is actionable per se; and (6) actual harm to warrant compensatory damages. *See Stone v. Town of Irasburg*, 2014 VT 43, ¶ 61, 196 Vt. 356, 380-81, 98 A.3d 769, 785. "A defamatory statement is one that tends to tarnish a plaintiff's reputation and 'expose [him] to public hatred, contempt or ridicule.'" *Hoyt v. Klar*, 2021 WL 841059, at *1 (Vt. Mar. 5, 2021) (quoting *Davis v. Am. Legion*, 2014 VT 134, ¶ 22, 198 Vt. 204, 213, 114 A.3d 99, 106). A three-year statute of limitations applies to a defamation claim in Vermont. *See* 12 V.S.A. § 512(3) (establishing that an action for slander and libel "shall be commenced within three years after the cause of action accrues, and not after").

In order to state a claim for defamation, Plaintiff must identify the particular statement or statements alleged to be false. General and conclusory statements will not suffice. *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 251 (2d Cir. 2017) ("Vagueness as to the complained-of conduct is particularly inappropriate when pleading a defamation claim" because "the complaint must afford defendant sufficient notice of the communications complained of to enable him to defend himself.") (internal quotation marks and brackets omitted). The SAC identifies dozens of individuals who made allegedly defamatory statements but only one of the allegations contains a date, which is a claim that "in or around 2013, Graham Gowen called [Plaintiff the n-word] and asked [him] if [he found] it offensive because [he] was born in Africa." (Doc. 175 at 22, ¶ 53.) This allegation is well outside the statute of limitations. Because Plaintiff has not identified a specific false and defamatory statement made by the YMCA within the limitations period but has instead pled an array of statements at unidentified times and places, his defamation claim is subject to dismissal. *See Dasler v. Knapp*, 2021 WL 4134398, at *11 (D. Vt. Sept. 10, 2021).

Because Plaintiff was granted leave to allege equitable tolling not an undated defamation claim and because the SAC fails to allege the essential elements of a defamation claim within the limitations period, the YMCA's motion to dismiss this claim is GRANTED.

### 3. Plaintiff's Employment-Related Claims.

Plaintiff alleges that the YMCA discriminated against him on the basis of his race, national origin, religion, and ancestry, retaliated against him, and constructively discharged him in violation of 42 U.S.C. § 1981 and Titles VI and VII of the Civil Rights Act of 1964. As the YMCA points out, Plaintiff's claims alleged under § 1981 and Title VI exceed the scope of the permission granted to him in connection with filing a SAC. Plaintiff's attempt to assert these new claims is improper and any employment discrimination claims other than those under Title VII are DISMISSED. *See Palm Beach Strategic Income, LP*, 457 F. App'x at 23. Even were the court to consider these claims, they are subject to dismissal.

Title VII prohibits employers from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).

> [A] Title VII claimant may establish an employer's liability under the statute by showing either (1) that he has suffered an adverse job action under circumstances giving rise to an inference of discrimination on the basis of [his] race, color, religion, sex, or national origin (*i.e.*, a discrete act claim), or (2) that he was subjected to harassment on account of one or more of the above bases that amounted to a hostile work environment (*i.e.*, a hostile work environment claim).

*Tassy v. Buttigieg*, 51 F.4th 521, 529 (2d Cir. 2022) (second alteration in original and internal quotation marks omitted). "As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). In Vermont, a Title VII plaintiff must file a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice

7

occurred," 42 U.S.C. § 2000-5(e)(1),[3] and must then file his or her action in federal court within ninety days of receiving a right-to-sue letter from the agency, *id.* § 2000e-5(f)(1). "Title VII provides no alternative statute of limitations[.]" *Duplan v. City of New York*, 888 F.3d 612, 624 (2d Cir. 2018).

Here, the SAC fails to plead that Plaintiff exhausted his administrative remedies by filing a timely complaint with the EEOC or that he received a right to sue letter. These are "preconditions" to filing his Title VII claims in this court. *See Hardaway*, 879 F.3d at 489. Although the court noted that "a Title VII complaint should not be dismissed for failure to plead the dates of the alleged discrimination[,]" (Doc. 153 at 11) (internal quotation marks omitted), Plaintiff was specifically instructed that, if he filed a SAC, he must include the date he was terminated by the YMCA as well as "whether and when he filed a charge with the EEOC or HRC regarding his Title VII allegations against the YMCA, and whether and when he received a right-to-sue letter[.]"[4] *Id.* at 33. In the absence of an exhaustion of administrative remedies and more precise allegations, Plaintiff's SAC fails to state a Title VII claim upon which relief can be granted. *See Alarcon v. Nassau Cnty. Parks*, 2013 WL 685891, at *2 (E.D.N.Y. Feb. 24, 2013) (dismissing a Title VII action where "[i]t appears from the face of plaintiff's complaint that he has not obtained a right-to-sue letter [as] it is neither referenced nor attached").

The YMCA's motion to dismiss Plaintiff's Title VII claims is GRANTED.

### B. Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once[.]" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal

---

[3] Ordinarily, discrimination claims under Title VII must be filed with the EEOC within 180 days of the date on which the "alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1). However, if the alleged discrimination occurred in a state, such as Vermont, that has its own antidiscrimination laws and an agency to enforce those laws, then the time period for filing claims with the EEOC is extended to 300 days. *See id.*

[4] In his opposition, Plaintiff states that: "Since 2017, I have been exhausting remedies in another case. I spoke to [a] Vermont Human Right investigator . . . about adding the YMCA[.]" (Doc. 194 at 7.)

8

quotation marks omitted). However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Amendment is futile where there is a substantive problem with a cause of action that cannot be cured by better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff has not requested a further opportunity to amend his pleading against the YMCA. Because Plaintiff has already had multiple opportunities to state a plausible claim and the YMCA has twice responded, the court declines to grant leave to amend sua sponte. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

## CONCLUSION

For the reasons set forth above, the YMCA's motion to dismiss (Doc. 189) is GRANTED. Plaintiff's Second Amended Complaint (Doc. 175) is DISMISSED. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 20th day of March, 2023.

Christina Reiss, District Judge
United States District Court